Utilities Comm. v. McCotter, Inc.

STATE OF NORTH CAROLINA EX REL UTILITIES COMMISSION AND KENOSHA AUTO TRANSPORT CORPORATION v. J. D. McCOTTER, INC.

No. 13

(Filed 14 March 1973)

Utilities Commission § 9— application for contract carrier authority — review on appeal

Evidence was sufficient to permit and sustain the Utilities Commission's finding of fact, conclusions and decision based thereon in a hearing granting Kenosha Auto Transport Corporation contract carrier authority.

APPEAL by protestant, J. D. McCotter, Inc., under G.S. 7A-30(2) from a decision of the Court of Appeals which affirmed an order of the North Carolina Utilities Commission.

On 6 October 1971 Kenosha Auto Transport Corporation (Kenosha) applied to the North Carolina Utilities Commission (Commission) for a certificate of public convenience and necessity authorizing it to operate as a common carrier by motor vehicle to transport boats and attachments, accessories and parts when moving with mixed loads with boats, from High Point, North Carolina, to New Bern and to Morehead City, North Carolina. Kenosha then held Interstate Common Carrier Certificate No. 30837 but had no Intrastate Common Carrier Certificate or Intrastate Contract Carrier Permit. J. D. McCotter, Inc., protestant, intervened and opposed the granting of Kenosha's application.

On 6 December 1971, after conducting an evidentiary hearing on the application and protest, Examiner E. A. Hughes, Jr., issued a "Recommended Order" denying Kenosha's application and ordering Kenosha to cease and desist from unauthorized transportation of boats in intrastate commerce within the State of North Carolina. Kenosha filed exceptions to the Examiner's findings of fact, conclusions and "Recommended Order." A hearing on Kenosha's exceptions was held by the Commission on 14 January 1972. In its order of 15 February 1972, the Commission sustained Kenosha's exceptions. Based upon its own findings of fact and conclusions, the Commission, modifying the "Recommended Order," granted Kenosha "contract carrier authority" for the "[t]ransportation of boats and attachments, accessories and parts when moving with mixed load with boats, from the North American Rockwell Corporation (Hatteras Yacht Divi-

sion) plant in High Point, North Carolina, to New Bern and Morehead City, North Carolina, under contract with the said North American Rockwell Corporation (Hatteras Yacht Division)."

Protestant filed exceptions to the Commission's findings of fact, conclusions and order, and filed a petition for a rehearing. On 21 March 1972, protestant's petition for a rehearing was denied. Protestant excepted and appealed to the Court of Appeals. The case is before the Supreme Court on protestant's appeal from the affirmance by the Court of Appeals of the Commission's order.

*Edward B. Hipp, Commission Attorney, and William E. Anderson, Assistant Commission Attorney, for North Carolina Utilities Commission, appellee.*

*York, Boyd & Flynn by A. W. Flynn, Jr., for Kenosha Auto Transport Corporation, applicant appellee.*

*Vaughan S. Winborne for protestant appellant.*

PER CURIAM.

The question before us is whether the Court of Appeals committed *an error of law.* We consider the proceedings before the Commission only to the extent necessary to determine this question.

G.S. 62-94(e) contains this provision: "Upon any appeal, the rates fixed or any rule, regulation, *finding, determination,* or *order* made by the Commission under the provisions of this chapter shall be prima facie just and reasonable." (Our italics.) Moreover, the evidence was sufficient to permit and sustain the Commission's findings of fact, conclusions and the decision based thereon.

We approve and adopt without repetition the statement of facts and the legal bases for affirmance of the Commission's order set forth fully and accurately in Judge Graham's opinion for the Court of Appeals. 16 N.C. App. 475, 192 S.E. 2d 629. Accordingly, the decision of the Court of Appeals is affirmed.

Affirmed.